UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WHITEY CULP, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0122 AS |
| | ) | |
| ED G. BUSS, | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about February 28, 2005, *pro se* petitioner, Whitey Culp, an inmate at the Indiana State Prison (ISP) in Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254.  The Response filed on behalf of the respondent by the Attorney General of Indiana on June 21, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).  The petitioner filed a Traverse on July 5, 2005, which this Court has carefully examined.  The Attorney General has placed before this Court a series of documents designated A through J2, both inclusive, which explicate in great detail the proceedings involved.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana.  At the time of the filing of this petition, he was incarcerated in the ISP in this district. Apparently the events in this case took place in Westville in October-November 2004. The petitioner was the subject of a prison disciplinary proceeding designated as WCC 04-10-0431 and was found to have been trafficking with an offender in another facility.  The sanction included a deprivation of 100 days earned time credit and a demotion from credit class II to credit class III which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974).  There was also a

six-month loss of home privileges which does not implicate *Wolff*. *See Sandin v. Conner*, 515 U.S. 472 (1995).

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The Adult Disciplinary Procedures (ADP) are generally under the rubric of state law. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997). The due process clause of the Fourteenth Amendment is simply not implicated here.

The petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** July 7, 2005

                                    s/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**